| | |
|---|---|
| **FULBRIGHT & JAWORSKI L.L.P.**<br>MARK N. MUTTERPERL<br>JESSICA SARAH PARISE<br>666 Fifth Avenue<br>New York, New York 10103-3198<br>Telephone: (212) 318-3000<br>Facsimile: (212) 318-3400 | **STAFFORD & ASSOCIATES**<br>TIMOTHY J, STAFFORD<br>1925 Century Park East<br>Suite 2000<br>Los Angeles, CA 90067<br>Telephone (323) 266-8740 |
| **FULBRIGHT & JAWORSKI L.L.P.**<br>JOHN C. RAWLS (Bar No. 106567)<br>555 South Flower Street, 41st Floor<br>Los Angeles, California 90071<br>Telephone: (213) 892-9200<br>Facsimile: (213) 892-9494 | Counsel for Defendant |
| Co-Counsel and Attorneys for Plaintiff | **JS-6** |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HADASSAH, THE WOMEN'S ZIONIST ORGANIZATION OF AMERICA, INC.<br><br>            Plaintiff,<br><br>    v.<br><br>HADASSAH'S HOPE, INC.<br><br>            Defendant.<br>_____ | Case No. 2:07 CV-05643-RGK(FFM)<br><br>STIPULATED JUDGMENT AND PERMANENT INJUNCTION |

Plaintiff The Women's Zionist Organization of America, Inc. ("Plaintiff"), having filed its Complaint herein on August 29, 2007 against Hadassah's Hope, Inc. ("Defendant"), and Defendant having consented to the entry of this Stipulated Judgment And Permanent Injunction to be binding on Defendant and its successors, assigns, affiliates, parents, subsidiaries, agents, servants, officers, directors, employees, and representative, and all persons, firms and corporations in active concert or participation with any one or more of them who receive notice of this receive actual notice hereof:

1  NOW, THEREFORE, upon stipulation of the parties hereto,

2  IT IS ORDERED, ADJUDGED and DECREED, that final judgment in favor of Plaintiff and against Defendant be entered as follows:

1. This Court has jurisdiction of the subject matter of all counts of this action and over all the parties hereto.

2. The HADASSAH Marks as defined in Plaintiff's First Amended Complaint filed in this action (the "Complaint"), which Complaint is attached as Exhibit A, incorporated herein and made a copy part hereof, is good, valid and enforceable in law, and Plaintiff is the sole proprietors of all rights, title and interest in and to the HADASSAH Marks.

3. The parties have agreed to resolve their differences and have entered into a Settlement Agreement. Defendant consents to entry of this Stipulated Judgment And Permanent Injunction.

4. Defendant and its successors, assigns, affiliates, parents, subsidiaries, agents, servants, officers, directors, employees, and representative, and all persons, firms and corporations in active concert or participation with any one or more of them who receive notice of this Consent Judgment And Permanent Injunction are hereby permanently enjoined and restrained from:

   a. using in any manner, on, with or in connection with any of Defendant's services and goods, the word HADASSAH alone or in connection with other words or designs including

|   |   |
|---|---|
|   | HADASSAH'S HOPE, or any word or phrase confusingly similar thereto, including, but not limited to, on or in connection with the website, http://www.hadassahshope.org; |
| b. | using in any manner on, with, or in connection with any of Defendant's services and goods, including, but not limited on or in connection with the website, http://www.hadassahshope.org, any of the HADASSAH Marks, as defined herein, or any mark confusingly similar thereto, that is likely to cause confusion, deception, or mistake or that dilutes or is likely to dilute the distinctive quality thereof; |
| c. | passing off, inducing, or enabling others to sell or pass off Defendant's services and goods as and for Hadassah's goods and services, including but not limited on or in connection with the website, http://www.hadassahshope.org; |
| d. | engaging in any other conduct, including but not limited on or in connection with the website, http://www.hadassahshope.org, which tends falsely to represent, or is likely to confuse, mislead, or deceive purchasers, Defendant's customers, and other members of the public to believe that Defendant's goods and services are connected with Hadassah or are sponsored, |

DOCUMENT PREPARED ON RECYCLED PAPER

approved or licensed by Hadassah, or are in some way connected or affiliated with Hadassah;

    e.    diluting or infringing the HADASSAH Marks and damaging Hadassah's goodwill, including but not limited on or in connection with the website, http://www.hadassahshope.org;

    f.    using any reproduction, counterfeit, copy, or colorable imitation of any of the HADASSAH Marks in connection with Defendant's publicity, promotion, offer to sell, distribution, or advertising of products, including but not limited on or in connection with the website, http://www.hadassahshope.org;

    g.    otherwise, competing unfairly with Hadassah in any manner, including but not limited to its operation of the website, http://www.hadassahshope.org; and

    h.    assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraph (a) through (g).

5.    Each party shall bear its own costs.

DOCUMENT PREPARED ON RECYCLED PAPER

6. The Court shall retain jurisdiction to construe, enforce, or implement this Stipulated Judgment and Permanent Injunction and the Settlement Agreement upon the application of any party.

SO ORDERED.

Dated: July 15, 2008

_____
United States District Judge

SO STIPULATED:

**FULBRIGHT & JAWORSKI L.L.P.**  
JOHN C. RAWLS

BY _____  
John C. Rawls  
Attorney and Co-Counsel for Plaintiff

Dated: July 11, 2008

**STAFFORD & ASSOCIATES**  
TIMOTHY J. STAFFORD

BY _____  
Timothy Stafford  
Attorney for Defendant

Dated: July 11, 2008